UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TSHOMBE KHARI HIGH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:19-CV-00214 |
| | ) | REEVES/STEGER |
| SILVERDAL CORE CIVIC OF AMERICA, LT. TOWNSON, A.W. CARTER, MS. WARREN, MS. MCKIBBY, and MS. HARRIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's amended complaint [Doc. 5], which Plaintiff filed in response to the Court's previous order [Doc. 4]. For the reasons set forth below, the amended complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED without prejudice**.

On August 9, 2019, the Court entered an order allowing Plaintiff to file an amended complaint in which the Court stated as follows:

> Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

\* \* \*

Plaintiff's complaint substantively alleges as follows:

> I have mental health problems and dealing with this mold has made my health problems worse. I have been complaining to the staff members Ms. Warren, Ms. McKibby, Ms. Harris, and even the higher authorit[ies] Lt. Townson and Asst. Warden Mr. Carter an[d] nothing has been done concerning the mold. Its very bad living conditions an[d] has led me to a lawsuit against Silverdale Core Civic of America.

[Doc. 2 p. 4].

While Plaintiff states that he has told all individual Defendants about the mold which he alleges has made his mental health issues worse, he has not set forth any facts from which the Court can plausibly infer that any individual Defendant is responsible for the removal of this condition of his confinement, and liability cannot be imposed under § 1983 under a theory of respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Further, Plaintiff has not set forth any facts from which the Court can plausibly infer that the mold results from any custom or policy of Silverdale Core Civic of America such that this Defendant may be liable for this condition of Plaintiff's confinement. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) for its holding that a

> municipality may not be liable under § 1983 through a *respondeat superior* theory, but may be responsible for an alleged constitutional deprivation if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation and holding that the same analysis applies to private corporations that are state actors under § 1983). Moreover, Plaintiff has provided no facts to support his conclusory assertion that the mold is making his mental health issues worse, and, as set forth above, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

[Doc. 4 p. 2–4]. Based on this analysis, the Court provided Plaintiff fifteen days to file an amended complaint "setting forth exactly how his constitutional rights were violated and the individual(s) and/or entity(ies) responsible for any such violations." *Id.* at 4.

In response to this order, Plaintiff filed his amended complaint in which he states as follows:

> I have mental health problems and dealing with this mold has made matters worse concerning my health[.] Ever[] since I've been here at Silverdale Detention Center (Core Civic of America) I have been breathing the airborne mold it's everywhere around this institution and every institution has standards, rules[,] and procedures dealing with our living conditions[.] I have been complaining to the staff members (Ms. Warren, Ms. McKibben, Ms. Har[r]is, Mr. McFarland[)] and even the higher [] authorities Lt. Townson [and] Asst. Warden Mr. McCarter and nothing has been done concerning the mold[.] It's very bad living conditions w[hich] has to do with their rules and has led me to a lawsuit against Silverdale Detention Center (Core Civic of America).

[Doc. 5 p. 3–4].

This complaint, however, is substantively identical to Plaintiff's original complaint. Specifically, the amended complaint again does not set forth specific facts to support Plaintiff's conclusory assertion that the mold is making Plaintiff's mental health problems worse, allow the Court to plausibly infer that any of the named Defendants is personally responsible for the mold at Silverdale and/or the failure to remove the mold, or allege that the mold has resulted from a

3

custom or policy of Silverdale/Core Civic America. In other words, Plaintiff has simply failed to provide any facts, including but not limited to the official positions of the individuals he has named as Defendants, from which the Court can even plausibly infer that that these Defendants may be liable for Plaintiff claims under § 1983. Thus, for the same reasons the Court set forth in its order allowing Plaintiff to amend his complaint [Doc. 4 p. 2–4], even liberally construing the amended complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983.

Accordingly, this action will be **DISMISSED without prejudice** and the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER**.

E N T E R :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**